030312fN

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

RYAN EHRIG, )
      Plaintiff, )
)   No. 11-2049 EJM
vs. )
)   ORDER
MICHAEL J. ASTRUE, )
COMMISSIONER OF SOCIAL )
SECURITY, )
      Defendant. )

Plaintiff brings this action seeking judicial review of the Commissioner's denial of his application for supplemental security income benefits. Briefing concluded January 23, 2012. The court has jurisdiction pursuant to 42 USC §405(g). Affirmed.

Claiming an onset date of January 1, 2000, plaintiff alleges disability due to a full scale valid IQ of 59, mood disorder with anxiety and depressive symptoms, Bell's Palsy, and knee pain. He asserts that the Appeals Council erred in failing to review new and material evidence proving he meets Listing 12.05(B) (adult) and Listing 112.05(C) (children) for mental retardation. See 20 CFR Pt. 404, Subpart P, App. 1, §§12.05(B), 112.05(C). Accordingly, he asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

Where the Appeals Council considers new evidence but denies review, the court must determine whether the ALJ's decision was supported by substantial evidence on the record as a whole, including the new evidence.  Davidson v. Astrue, 501 F3d 987, 990 (8th Cir. 2007).

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision.  This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision.  [The court] also must consider evidence in the record that detracts from the weight of the decision.  Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

The review and decision by the Administrative Law Judge (ALJ) included review of psychological testing by Dr. Harper on October 7, 2008, demonstrating plaintiff had a general IQ of 92.  T. 19, 241-247.  Plaintiff asserts that a subsequent IQ test administered by Dr. Eggerman on December 8, 2010, demonstrated a full scale IQ of 59 (T. 457-459), and should change the outcome of this case.  That test, performed after the ALJ's decision, was considered by the Appeals Council, which found the additional evidence did not provide a basis for changing the ALJ's decision.  T. 1.

Upon review of the record as a whole in light of the foregoing standards, for the reasons set forth in the ALJ's decision including his discussion of the psychological testing report by Dr. Harper in October, 2008 (T. 241-247)

2

demonstrating a general IQ of 98 (45th percentile) on the WRIT test, as well as the ALJ's consideration and discussion of plaintiff's graduation from high school, records demonstrating plaintiff's level of functioning including school records as well as plaintiff's achievement of Eagle Scout status, and plaintiff's own reports, it is the court's view that the Commissioner's decision is supported by substantial evidence on the record as a whole.  In so finding, the court notes that the psychological assessment of October 7, 2008, included a review of prior clinical evaluations, an interview of plaintiff and his mother, and the use and discussion of a number of screening/testing methods.  That testing, reviewed by the ALJ, carries with it the observation of high correlations with IQ scores from the Wechsler tests, as well as the further observation at a 95% confidence level that plaintiff would obtain similar IQ scores on the WRIT test even if administered repeatedly.

Plaintiff's test administered by Dr. Eggerman on December 8, 2010, reports a full scale IQ of 59, notes no known previous IQ tests (apparently an oversight of Dr. Harper's testing), and reports significant limitation in several areas.  T. 458-459.  While there is significant dissonance between the test administered by Dr. Harper and the test administered by Dr. Eggerman, it is the court's view that in light of the record viewed in accordance with the applicable standards, the Commissioner's decision is supported by substantial evidence on the record as a whole.

It is therefore

ORDERED

Affirmed.

March 15, 2012.

                                              Edward J. McManus, Judge
                                              UNITED STATES DISTRICT COURT